# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# HATTIESBURG DIVISION

**DEON SCOTT BALLARD, #144373**  **PLAINTIFF**

**VERSUS**  **CIVIL ACTION NO. 2:10-cv-1-KS-MTP**

**CONNIE PIERCE, et al.**  **DEFENDANTS**

## MEMORANDUM OPINION and ORDER

Plaintiff Ballard, an inmate currently incarcerated by the Mississippi Department of Corrections (MDOC), filed this complaint pursuant to 42 U.S.C. § 1983.[1] The named defendants are Connie Pierce, Debra Platt, Ronald King, Christopher B. Epps, L. Singleton and Tracey L. Sanders. Upon review of the complaint [1] and response [11], the court has reached the following conclusions.

The plaintiff complains that while housed at the South Mississippi Correctional Institution (SMCI), he was assigned a prison job in the dining hall, after he had clearly stated that he did not want a job. Therefore, plaintiff refused to work on multiple occasions, starting on April 4, 2009, which resulted in the issuance of multiple rule violation reports (RVR). Plaintiff was found guilty of these RVRs and as a result he lost the privileges of visitation, use of a phone, and use of the prison canteen for thirty days. Plaintiff complains that his constitutional rights as well as MDOC policy and procedure have been violated by the issuance of the RVRs and resulting punishment. As relief, plaintiff is requesting monetary damages and the removal of these RVRs

---

[1] According to MDOC online records, Plaintiff is serving a twelve-year sentence for armed robbery.

from his prison file.

Analysis

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings *in forma pauperis* and provides that "the court shall dismiss the case at any time if the court determines that . . .(B) the action or appeal -- (I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." The court has permitted the plaintiff to proceed *in forma pauperis* in this action; thus his complaint is subject to *sua sponte* dismissal pursuant to 28 U.S.C. § 1915(e)(2).

In order to have a viable claim under 42 U.S.C. § 1983 the plaintiff must allege that he was deprived of a right secured by the Constitution or the laws of the United States and that the person depriving plaintiff of this right acted under color of any statute of the State. *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988); *Resident Council of Allen Parkway Village v. United States Dep't of Hous. & Urban Dev.*, 980 F.2d 1043, 1050 (5th Cir.), c*ert. denied*, 510 U.S. 820 (1993). For the reasons stated below, the court has determined that plaintiff's allegations do not rise to the level of a constitutional deprivation.

At best, the plaintiff is asserting that his constitutional rights were violated under the Due Process Clause. To invoke the protections of the Due Process Clause, the plaintiff must have a protected liberty interest at stake. A constitutionally protected liberty interest is "limited to freedom from restraint which . . . imposes atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484, 115 S. Ct. 2293, 32 L.Ed. 2d 418 (1995). The loss of prison privileges for thirty days is hardly an "atypical

and significant hardship" on an inmate. *Madison v. Parker*, 104 F.3d 765 (5th Cir. 1997) (inmate's thirty day commissary and cell restrictions as punishment do not present the type of atypical, significant deprivation in which a state might create a liberty interest); *Davis v. Carlson*, 837 F.2d 1318, 1319 (5th Cir. 1988)(prisoners do not have a constitutional right to contact visits); *see also Wilkerson v. Stalder*, 329 F.3d 431, 435-36 (5th Cir. 2003)(case remanded to determine if lock-down status for thirty years was "atypical" under *Sandin*). The law is clear, the protections afforded by the Due Process Clause do not extend to "every change in the conditions of confinement" which are adverse to a prisoner. *Madison*, 104 F.3d at 767-68.

Furthermore, plaintiff's allegations that MDOC policy and procedure was violated when he was assigned a prison job and when he was found guilty of the resulting RVRs, does not rise to the level of a constitutional deprivation. *Jones v. Hudnell*, 210 Fed.Appx. 427, 428 (5th Cir. 2006)("A violation of prison regulations, without more, does not give rise to a federal constitutional violation.")(*citing Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir 1986)). "[A] prison official's failure to follow the prison's own policies, procedures or regulations does not constitute a violation of due process, if constitutional minima are nevertheless met." *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir.1996); *accord Giovanni v. Lynn*, 48 F.3d 908, 912 (5th Cir.1995); *Murphy v. Collins*, 26 F.3d 541, 543 (5th Cir. 1994). Simply put, the plaintiff does not have a constitutionally protected right to certain privileges while in prison. Thus, plaintiff's loss of these privileges for thirty days does not amount to a constitutional violation.

## CONCLUSION

As explained above, the plaintiff's loss of prison privileges for thirty days does not amount to a constitutional deprivation. Therefore, this case is dismissed for plaintiff's failure to state a

claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), with prejudice.

Since this case is dismissed pursuant to the above-mentioned provision of the Prison Litigation Reform Act, it will be counted as a "strike."[2] If the plaintiff receives "three strikes" he will be denied *in forma pauperis* status and required to pay the full filing fee to file a civil action or appeal.

A final judgment will be entered in accordance with this memorandum opinion and order.

SO ORDERED this the 4th day of February, 2010.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE

---

[2] 28 U.S.C. § 1915(g) states "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."